Wait a minute until everybody gets settled. My exuberance gets the best of me. May it please the Court, a good morning. My name is Joel Sklar. I represent the appellant, Robert King, in this case. Oh, I'd like to preserve, if I could, three minutes for rebuttal. Forgive me. I doubt that the Court has seen a case with facts as extreme as this. The issue in this case is that state court Judge Wayne McCree violated my client's due process rights when he became involved in a sexual affair, an economic relationship, a very intimate relationship, with a complaining witness in a criminal case in which my client, Robert King, was the defendant. The U.S. District Court granted a motion for summary judgment based on absolute immunity, judicial immunity. The Court there found two reasons. One reason for dismissing the case was that the Court found that the due process violations, as to my client, to the extent they existed, were not direct to him and that there cannot be a Section 1983 case pursued. Secondly, the Court found that Judge McCree was not acting in his capacity as a judge at the time that he entered into the affair with Ms. Mott, and therefore there was no state action, assuming that my client had a viable Section 1983 claim. I have, as has the defendant, extensively briefed the issues. One aspect about this case that I think is very critical is that these are not mere allegations or suspicions. The facts of the case, as far as the transgressions of Judge McCree, are really not in dispute. There's no question about the affair, no question about the money he gave Ms. King, no question about the allowance. Does that really mean, other than for interest, does that really make a difference in the sense that if you had well-pleaded allegations of the same thing, you'd still have to face the same issue? Absolutely. If immunity is immunity. Immunity is immunity. I mean, frankly, I guess to cut to the chase, there are several cases, I found two just directly on point from the Fifth Circuit, where the judge was alleged to have taken a bribe to decide a particular case. Correct. And that's about as bad as it gets. Now, in terms of deciding whether there should be absolute immunity, it doesn't matter whether it's been proved or not, because it's a question of whether the case goes forward. So, obviously, taking the money isn't a judicial act any more than having sex with Ms. Mott is a judicial act. But the immunity extends because what hurts the plaintiff is the act that you then got by taking the bribe. So if those cases are good law, how can this not be good law? I'll explain. I think that the – I understand those Fifth Circuit decisions. I've read them as well. And my understanding of those cases was really explicating the purpose of judicial immunity, which was obviously to avoid vexatious litigation against judges who are making tough calls. Well, and to avoid, in effect, legitimate litigation because you can't tell the difference in principle. Correct. Because if you get to the facts, then you have to litigate them all. You may be 100 percent right, but we would, in fact, have to go through some litigation to do it. So I guess, again, can you tell me the difference between taking money for a decision and taking sex for a decision? Well, I'll tell you the difference. I think this case is closer to Archie v. Lanier, which is the Sixth Circuit decision, in which the judge did engage with sexual conduct with litigants in family court. He coerced sex to promise favor. And the person suing was the person that he sexually assaulted. That is absolutely correct. And this court found that absolute immunity did not apply in that case. So if Ms. Mott were suing or stalking or whatever. I understand the point. Here's my distinction. And this circuit doesn't follow the Fifth Circuit. This circuit can be closer to Lanier than it can be to the Fifth Circuit decisions. My theory is this. The 14th Amendment due process rights, the due process clause, belongs to the litigant. It's personal to every litigant. It's personal to my client. When Judge McCree engaged in these extrajudicial contacts, and I don't think anybody's going to argue they were not extrajudicial and nonjudicial, he violated my client's due process rights to a fair, impartial, and neutral judge. Every single time. There were 10,000 emails or texts, all these communications. Each of those contacts, which were clearly extrajudicial, violated Mr. King's 14th Amendment rights to that bedrock principle that you get a neutral, fair, and unbiased judge. And I think it's different. The whole premise of your argument is that the violation occurred when the sex acts occurred, as opposed to it seems to me that the sex acts occurred, but then the consequences of those sex acts, the unfair judicial environment that your client faced, which seems indisputable here, that happened during a judicial proceeding. So what is the authority for saying that your client's rights were violated at the time, and we'll just in shorthand say at the time of the sex acts, as opposed to the time when the judge actually then came into contact with your client, all of which was in court? I got you. And it's just not the sex acts. Obviously, it's the entire relationship. So it goes far beyond simply sex. It's a deep relationship, but the question is without question fair. The reason I say that is because due process, I think, attaches throughout litigation whether or not the client, the defendant, is in court or out of court. My belief is, and I think that Caperton may speak to this a little bit, but it has far different facts and I can see that, is that a court has a duty to maintain its fair and unbiased views throughout the litigation. It has an obligation to do nothing to compromise that throughout the litigation. Whether or not those specific acts are the result of undue bias aren't necessarily the issue. I understand the angst. I understand the emphasis of what you say, but how, again, is that any different from the bribe in the sense that I set up a bribe. I have a dinner at a steakhouse. That looks biased. The guy hands me the cash. At that point, I really am biased. And I only actually go on the bench a month later or issue an order two months later. Why is that argument not exactly 100% the same argument you're just making? Because I think that, one, the Fifth Circuit, to the extent it's a one-time event and this corrupts the process, found what it found. I'm sorry? That it found what it found. It used its own analysis. And if you adopt that analysis, then you'll do so. My belief is this goes beyond simply giving money for a decision. It is so deep and there are so many acts that go beyond a conversation and a backroom deal that I think that if this... So if the judge was getting $1,000 a month, that would make it different than a one-time bribe? I'll tell you. Maybe this is my philosophy. I think that relationships, quite frankly, are more important than money. I think that the intimacy of a personal relationship goes beyond simply a monetary gain.  We're talking about a judge in a case that he's litigating having an intimate, deep, emotional relationship with one of the litigants that he hasn't disclosed to anybody else because he knows he's in peril. Let's try to approach it this way. What would have happened had the exact same facts here occurred, this affair starts, and your client doesn't know any of this is going on, but right at the very beginning, he pays up all the past due child support. So nothing, after the affair starts, the case then ends because he pays up. So it's only two or three actual judicial encounters that your client had with the judge. Right, I think it was May, August. So your client's case was pending at the time these improper acts occurred, but the case resolved itself with no involvement by the judge himself for other reasons before the guy ever comes back into court. Would he still then have a due process claim because they were sort of setting up this scheme to screw your client? That's a vernacular that I would use too. Yes, I do think there is. In that case, you would still have a 1983 claim even though nothing ever happened. Nothing ever happened that directly impacted your client. The question I understand is this, is that assuming that you had the same situation but there was no impact on the plaintiff that he knew about, essentially it's the same thing, is there a violation? My answer is yes, and my answer is yes because of this, because that due process right is inviolate. That due process right to that fair panel, and I think this goes back to Toomey, Murchinson, and forth, to Caperton, I think that is inviolate. And when a judge partakes in the type of conduct that Judge McCree did here, there is a violation of my client's 14th Amendment due process with every single contact, regardless of the result. I understand, I believe that the result may be a sham or not a sham. That really doesn't matter for what I think matters, and this is what I've tried to emphasize, and maybe I haven't done it articulately as well as I should, is that due process is so important, such a constitutional protection, that when a judge engages in the conduct so extreme and excessive as Judge McCree did here, that there is a violation regardless of the result. His rights, whether he knows they've been violated or not, have been violated. Whether he becomes aware of it, cognizant of it, there's still a due process violation. And there should be a Section 83 action that is allowable to go forth on this. And what is his harm, then, in terms of action taken under color of state law? Because usually the claim here is, well, certainly having sex isn't under color of state law, but to get a 1983 remedy, you've got to have a harm done under color of state law. Your Honor, I would say that there is a per se harm every time, as I've tried to articulate it, that Mr. King's due process rights were violated with every extrajudicial contact. He did become aware of it down the road, but there is a harm, and it's like death by a thousand paper cuts. Each and every act becomes a violation. I hear the argument. I keep coming back to the bribery cases, but do you have any case anywhere that gives some comfort to this that says that the violation occurs, and I will call it the abstract harm, because as in Judge McKeague's example, which you have honestly stood up to and said, yes, the violation occurs, but you've got to have the harm as well. Right. And I'll be clear. There are two cases, but let me address your last point first. The question is, you're asking to say, Mr. Sklar, is there a tangible harm here? And I think there is a tangible harm. I don't think it's just theoretical. I think it's actual. Again, that's one thing I think that the case law, Caperton, is most recently really addressed, is that you really can't get into the mind of a judge. And I'll sit down. I want to hear you. You're about to say you had two cases that might help. There is Lopez v. Vanderveer, which I said in my brief is a Seventh Circuit opinion, I believe, and that was directly to the plaintiff who brought the case. It gives me reason to hope, at least, that one reason that the Seventh Circuit said absolute judicially did not apply was because the judge already pre-judged the outcome. And also Archie v. Lanier. I think you can take that case and find in it what I need to survive a motion for summary. Why isn't Archie much more like Mr. King sues for alienation of affections, okay, and the guy tries to claim judicial immunity? Yeah, I think the affections have long since passed. Even so, because the whole point was there was no immunity because there was no action under color of state law in raping Ms. Archie. Judge Merritt's concurrence makes that very clear. He says that there had to be an action under color of law to sustain the Section 83 claim. And what I think Judge Merritt was saying is that the judge is using, just like here, his influence as a judge to receive sexual gratification. So I think Archie v. Lanier does tell me I will sit down and say more. Thank you, Your Honor. Good morning, and may it please the Court. My name is Trent Collier for the APLE Judge Wade McCree. There's really no dispute in this case that what Judge McCree did was wrong. And if there were, that dispute has been settled by the fact that Judge McCree has now been removed from the bench by the Michigan Supreme Court. What the dispute really is is whether there's a private cause of action here. And it's clear that there is harm. But the harm was not to Mr. King. The district court correctly held that the doctrine of judicial immunity bars this claim. And even if that rationale were wrong, the fact is Mr. King has not cited any cases to show that he has a valid 1983 claim in the first place. Beginning with the... Well, picking up on the argument that just finished, it sort of comes down to the statement in the appellant's briefs here. Footnote 20, page 24. Plaintiff perceives no way to distinguish Archie v. Lanier. So how do you respond to that? Archie is very different for three reasons. One is the constitutional right at issue in Archie was not the right to due process. The constitutional right at issue in Archie was the right to bodily integrity. The plaintiffs there were assaulted by a judge. So it's not the same right. The other problem is that... I'm sorry, there's really only two main issues. So that's the first one. The other one is that the plaintiffs in that case were, of course, the women who were actually assaulted and harmed by the judge. And here there's kind of a third party. They were Mott under the facts of this case. Right. They were Mott under the facts of this case. So it's a different right and it's a different party. In fact, footnote 20 says, Defendant Mott may claim she was extorted and coerced by McCree. Of course, that issue is not before us, but they make that very distinction in their very same footnote. Right. So I think that's the key point. The other case that the plaintiff brought up this morning is the Lopez v. Vanderwater case. And the difference there, and that case goes to the issue of whether Judge McCree was acting under the color of law when he was engaging in these personal, intimate relationships with Ms. Mott. In Lopez, the judge was acting under color of law because he was acting as a prosecutor. He was acting under color of law, but not as a judge. Right. So he wasn't a judge there. So the doctrine of judicial immunity didn't, I'm sorry, so it wasn't a judicial act. Lopez is the case, right, that the judge, on no basis except not having to fight with him as a landlord, calls him before him and sentences him on a forged guilty plea, right? Right. I mean, he goes out and he charges this person. So he's not acting as a judge. He's acting as a prosecutor. Well, but when he acts as a judge in sentencing a man who hasn't even been charged in any true way, he did get immunity for that part. Right. So if you rank that up against this case, I'd have to say Lopez is even worse. Right. Because he sentences a man to jail. Yep. And that's, you know, the plaintiff has kind of argued that there's sort of this whipsaw effect where if he's acting under color of law, then he's not a judge, but if he's not a judge, he's not acting under the color of law. Lopez shows why that's not really a catch-22. Because you can act, a judge can act outside of his or her role as a judge, but still act under color of law. And that's not what we have here. So Judge Cohn correctly held that every factual issue raised by the plaintiff had one of three problems. It either concerned rulings from the bench, in which case it was a judicial act and it was subject to immunity, or it wasn't under color of law, or it didn't affect King. Every single factual allegation in Mr. King's complaint has one of these three problems. The only problem, or I shouldn't say it that way, one of the concerns that I had about Judge Cohn's analysis was to say that some of these acts were not taken under color of state law. And at this stage of the proceedings, that seems to me, at least arguably, to be somewhat of a premature decision. Because I assume one position that would be taken was that he was using his authority and status as a judge to basically coerce her into having sex and continuing this relationship. So it seems to me we have to assume that that's correct, as pled at this stage of the litigation. So I had trouble with that part of the opinion. The question is, does that make any difference? Because even if he was always acting under color of state law, it still comes back to whether all of the acts that he was taking, most of which were completely inappropriate, obviously, then actually impacted Mr. King. And if they did, was that impact, did that impact occur solely within the judge's function as a judge? So how do you, you seem to be relying upon under color of state law, but do you even need that? I don't think we need it. I guess to answer one of your questions that you raised, it was a 12B6 motion, so for sure we have to presume that everything pleaded is true for purposes here. I think that issue, and the reason why Judge Cohn was right is because it goes to the bribery cases that Judge Boggs raised. In those bribery cases, when the judge is taking those bribes, he's not acting as a judge. And you can't avoid the doctrine of judicial immunity by glomming that together with what the judge did on the bench. So I think one other case that helps address this issue is the Spurlock case. That's one where the court said the fact, so what was at issue in that case is there was a prosecutor who conspired to produce false testimony and false evidence. And this court held that the fact that this prosecutor conspired didn't avoid the immunity to which he was entitled for his testimony in court. So the fact that he testified, he was clearly immune there, and the fact that he was involved in a conspiracy didn't avoid that doctrine. But did that work the other way, that for his conspiracy he wasn't immune simply because it led to the testimony? It didn't. So there were two issues in that case. One was the testimony he gave, and the other was, I think he fabricated evidence. And the court held he was immune for the testimony and for conspiring to testify falsely. He was not immune for fabricating evidence outside of court. So I think the basic principle behind these cases is that you can't avoid these doctrines  Behind all of this, and behind what Judge Cohn held, there's the fact that the plaintiff has not produced a single case that would show that this is a valid 1983 claim in the first place. What really is at issue here is an allegation of personal bias. The claim is that Judge McCree couldn't act fairly in the case because he was personally biased. He was involved with Ms. Mott. But the Supreme Court, from the Toomey v. Ohio case to its most recent Caperton case, has always said that personal bias does not implicate due process as a constitutional matter. Of course what he did was wrong, but it is not a constitutional issue. And of course, if the court were going to make this the first case in which this type of personal bias claim became a valid due process claim, this is not the proper case for doing so. Let me stop you for a second, because the way you put it I hadn't thought through before. Those cases when you say personal bias does not implicate a due process violation, is that true even in a criminal case? A person is convicted, and he then is appealing his conviction. He's not suing the judge. He's appealing his conviction and says the judge should have recused himself because it turns out that the prosecutor is his brother or some other thing that does create clear personal bias and should have recused under 455 and so on. It is true, and I think the key case on point is this court's decision in Riley v. Webb. That was a case where the judge was the nephew of a prosecutor, and the defendant, I believe, that was a criminal case. And in that case, the court held that there was no due process issue. Okay, I can look it up. Thank you. But the fact is, Mr. King has said in his briefing to the court that he doesn't take any issue with any of Judge McCree's rulings from the bench. There's no allegation that his actual rulings were wrong. The allegation is that he was personally biased and that it looks wrong. And of course it looks wrong. But this would be the first case, as far as I'm aware and as far as plaintiff's briefing has shown, to show that there would be a valid 1983 due process claim based on personal bias. And that's what we have here. But I think the court doesn't need to go to whether or not there's a valid due process claim because Judge Cone got it right. And we would ask that the court affirm the district court. Unless there's any questions, I would cede the rest of my time. Thank you. Thank you. You have three minutes for rebuttal. Thank you, Your Honor. One reason there are no cases that mirror this case is because this case is so exceptional and so extreme. And I know that Capitan speaks about that, especially in the context of due process. It's the exceptional case that commands the most attention. And this is the exceptional case. I think what the court is having a difficult time with is from what I'm hearing. And if my perception is wrong, I apologize. It's basically saying that I think the hearings were sham. I don't think I can attack those hearings under judicial immunity. And so I haven't. However, I think what the court is telling me or telling the plaintiff, the appellant, is that the injury to him is somehow evanescent. It doesn't really exist. It's in the air, and it's not. I don't think you should read into any questions here the suggestion that because there may not have been any damages, that therefore that's why we think there wasn't a constitutional violation. I don't think anybody's suggesting that. We're trying to drill down to find out if there is a constitutional violation, if things that create bias or the appearance of bias occur solely outside the courtroom, and then the manifestation of that bias occurs in connection with a judicial act. That's a narrow constitutional question. Thank you, and I appreciate that. Because the complaint does talk about sham hearings. In this case, the sentence was predetermined. It was discussed through text messages. Even a text message. Ms. Mott had a phone that Judge McCree secreted for her in the courtroom so they could exchange texts about how to sentence my client as he's sentencing my client. So this case is, again, the extreme case. Just to be clear, isn't it true that the doctrine of absolute judicial immunity means you have absolute immunity even when you're violating people's constitutional rights? When you're engaged in judicial acts. And it is the non-judicial acts that violate my client's constitutional rights. Okay, I understand that. But just to be clear, the first part when you say we have constitutional rights, absolute immunity doctrine says you're absolutely immune even if you are violating rights. In the appropriate circumstances. Correct. And what I've tried to do, which I think the law is clear, is that if you have a pronouncement from the bench, you're protected. No matter where the pronouncement comes from, how you get to it, you're protected. But it says non-judicial acts, then while you're cloaked with state authority, that gives rise to the Section 83 claim. And that's what we have. These are a lot of non-judicial acts, obviously. Every non-judicial act, in our belief, is a violation of the 14th Amendment and 5th Amendment due process clauses. You cannot possibly be fair and impartial and unbiased. It's absurd to think otherwise. And to... At least the purpose of it isn't to protect Judge McCree from these types of actions, from civil liability. And I think the law is relatively clear that you have to apply judicial immunity to effectuate its purposes. I don't see exactly how that does that here with the exceptional facts that the Court has presented with and with the theory that we've presented of the due process violation. My time is up. I appreciate greatly the Court's questions. Thank you. The case will be submitted. And the clerk may call the next case.